FRED RAINESS, PROSECUTOR, v. GRANT FINISHING CO., INC., RESPONDENT.

Argued January 17, 1945—Decided February 5, 1945.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Aaron Gordon.*

For the respondent, *George E. Meredith* and *G. Dixon Speakman.*

The opinion of the court was delivered by

BODINE, J. This is a workmen's compensation case. The Bureau dismissed the claim and since the accident, in which the deceased was killed, occurred in South Carolina the writ was allowed directly to the Bureau. *Franzen* v. *E. I. duPont deNemours & Co.,* 128 *N. J. L.* 549.

The sole question for determination is whether petitioner's husband met his death in the course of his employment. We think not.

He was president of the Grant Finishing Company and in the early part of April, 1942, with one Alpin, he was driving in an automobile on his way south. The car was an open one; they had golf bags and light weight clothing. The car was overturned on route 17 south of St. George, South Carolina. To suggest that the trip was for business purposes, there was testimony that decedent had spoken of moving his plant south and intended to visit some textile mills as well as to call on his mother who lived in Florida. She had been ill.

Since the trip started on Good Friday and there were no textile mills in that part of South Carolina, where the accident occurred, and the route taken was the shortest distance to Florida and since inconsistent statements had been made by Alpin shortly after the occurrence, we think that the petitioner failed to establish the fact by the weight of credible evidence. So the Bureau found and so do we.

To bolster the claim there was some testimony that the deceased's company was having some trouble in finishing goods for the firm of which Alpin was salesman. But the type of goods causing the trouble was discontinued before the trip was commenced and was never resumed.

The burden of proof was upon the petitioner and this she failed to establish. *Riley* v. *Crucible Steel Company of America,* 132 *N. J. L.* 273.

It might further be noted that there was no evidence that the deceased was traveling in the course of his employment but the statements alleged to be made by him, and such statements could not form the basis of a recovery.

Mr. Justice Trenchard said in *Helminsky* v. *Ford Motor Co.,* 111 *N. J. L.* 369, 373: "While the Workmen's Compensation Bureau is not bound by technical rules of evidence, it must ascertain parties' substantial rights from competent evidence; and while hearsay testimony may be received by the Workmen's Compensation Bureau without necessarily resulting in reversal, it cannot, as here, form the basis of an award of compenastion. *Friese* v. *Nagle Packing Co.,* 110 *N. J. L.* 588; 166 *Atl. Rep.* 307."

The judgment of the Bureau is affirmed, with costs.